# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 224
SMALLEY v. MILLER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4859. Decided Feb. 11, 1924
Patterson, Houck and Shields, JJ., sitting.

118. AUTOMOBILES—Statute permitting suit in county where injured plaintiff resides does not increase jurisdiction of Municipal Court of Cleveland to include accidents occurring anywhere in county.

HOUCK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Plaintiff, Clyde F. Miller, was injured by an automobile driven by defendant, Charles J. Smalley. The accident occurred near plaintiff's residence in Cuyahoga County, but outside the city of Cleveland. Defendant was a resident of Stark County. Miller brought suit in the Municipal Court of Cleveland and issued summons to the sheriff of Stark County, where personal service was had on the defendant. Defendant appeared specially and filed a motion to quash service of summons for the reason that the Municipal Court of Cleveland had no jurisdiction over the person of defendant or the subject matter of the action. The motion was overruled and thereafter default judgment was rendered against Smalley, who prosecuted error. Held:

Since the accident did not occur within the limits of the city of Cleveland and since no summons was served personally on the defendant within that jurisdiction, the Municipal Court of Cleveland was without jurisdiction of the person of defendant or of the subject matter of the action. 6308 GC. and other statutes do not enlarge the jurisdiction of the Municipal Court of Cleveland so as to embrace all cases of this kind occurring in Cuyahoga County. Judgment reversed and judgment rendered for defendant.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Smalley; H. A. McNamee, for Miller.

No. 225
HALLIDAY v. PALMER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4814. Decided Jan. 26, 1924

182. BROKERS—Real estate agent authorized to list property held not entitled to commission for sale not consummated by him.

RICHARDS, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover a real estate commission of $1,062.50 for procuring a pur-

chaser for a certain house in Cleveland. The evidence disclosed that in October, 1920, Halliday secured the consent of Palmer, who was constructing a house, to list the property for sale. The next time that Halliday saw Palmer was in May, 1921, when Palmer advised him that he had given an option to the Smythe Company to sell the same, and that that option would not expire until June 15, 1921, and therefore the property could not be sold in the meantime. Later Halliday informed Palmer that one Mr. Edson was interested in the property and might buy it. Halliday pointed out the house to Edson while showing him other property in that vicinity. Halliday also testified that he never transmitted any offer to Palmer for the premises, because Edson would not make him any offer. The testimony also showed that Palmer had authorized Halliday to list the property at $32,000. In the latter part of June the property was sold to Edson for $30,500, the sale being made by parties other than Halliday. The lower court directed a verdict for Palmer, whereupon Halliday prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The testimony of the plaintiff indicated that he had the right to list the property for the purpose of sale, and not merely to find a buyer, and that when he pointed out the premises to Edson and took him as far as the vestibule, he had no right to do anything other than to show the premises and that in fact the plaintiff never did make a sale of the premises, nor was the sale effected by reason of anything that the plaintiff did.

Attorneys—Jay M. Namen, for Halliday; Krueger & Pelton, for Palmer, all of Cleveland.